RICHARD S. DIRKX
ASSISTANT PUBLIC DEFENDER
Public Defender Service Corporation
110 W. O'Brien Drive
Hagatna, Guam 96910
Telephone: (671) 475-3100
Telecopier: (671)477-5844

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>ERICA REYES BORJA,<br><br>        Defendant. | CIVIL CASE NO. CR05-00049<br><br>EX PARTE APPLICATION TO<br>WITHDRAW FROM CASE with<br>MEMORANDUM OF LAW and<br>CERTIFICATE OF SERVICE |

### EX PARTE APPLICATION TO WITHDRAW FROM CASE

COMES NOW court appointed counsel for Defendant ERICA REYES BORJA, to move the court pursuant to 18 U.S.C.§3006A(b)and (c) regarding other good cause and Guam Rules of Professional Conduct Rule1.7 through 1.11 regarding conflict of interest, to appoint separate alternative counsel for Defendant ERICA REYES BORJA other than present counsel for the reasons and on the basis more fully set forth in the following memorandum.

M:\Criminal\Borja, Erica Reyes-Federal Case #05-00049\Ex Parte Application to Withdraw From Case Due to Conflict.wpdRSD,sac

1

ORIGINAL

## MEMORANDUM OF LAW

STATEMENT OF FACTS

ERICA REYES BORJA is currently incarcerated on the present offense. The court appointed the Public Defender Service Corporation to represent her, and Public Defender Kathleen E. Maher, has been handling the case.

Ms. Maher is currently off-island. That leaves one other attorney in the office, Richard Dirkx, who practices in District Court. We are currently waiting for laboratory test results in Ms. Borja's case.

Mr. Dirkx was meeting with another client of the Public Defender Service Corporation on what he assumed was a completely unrelated matter. Instead, it is now clear that the Public Defender Service Corporation has a clear conflict of interest that prevents it from acting any further on behalf of either client. The nature of the conflict is such that it cannot be discussed with either client, nor revealed to the prosecution.

Ms. Maher has been contacted by e-mail, and on July 25, 2005 she concurred that there was no ethical alternative except to seek to have other counsel appointed for Ms. Borja.

DISCUSSION OF LAW-

Title 7 Guam Code Annotated and the ABA Rules of Professional Conduct provide:

RULE 1.7 CONFLICT OF INTEREST: CURRENT CLIENTS

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a conflict of interest. A current conflict of interest exists if:

(1) the representation of one client will be directly adverse to another client; or

(2) there is a significant risk that the representation of one or more clients will be

UNITED STATES OF AMERICA V. ERICA REYES BORJA
Criminal Case No. CR05-00049
EX PARTE APPLICATION TO WITHDRAW with MEMORANDUM OF LAW and CERTIFICATE OF SERVICE

2

Case 1:05-cr-00049    Document 18    Filed 07/28/2005    Page 2 of 4

(2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

RULE 1.9:Duties to Former Clients

(b) A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm which the lawyer formerly was associated had previously represented a client

(1) whose interests are materially adverse to that person; and

(2) about whom that lawyer had acquired confidential information protected by Rules1.6 and 1.9©) that is material to the matter: unless the former client gives informed consent confirmed in writing.

**American Bar Association Standards for Criminal Justice-THE DEFENSE FUNCTION**

Standard 4-1.2 The Function of Defense Counsel

Standard 4-3.5 Conflicts of Interest

(h) Defense counsel who formerly participated personally and substantially in the prosecution of a defendant should not thereafter represent any person in the same or a substantially related matter. Defense counsel who was formerly a prosecutor should not use confidential information about a person acquired when defense counsel was a prosecutor in the representation of a client whose interests are adverse to that person in a matter.

**American Bar Association Model Code of Professional Responsibility**

Canon 9 A Lawyer should avoid even the Appearance of Professional Impropriety

EC 9-3 After a lawyer leaves judicial office or other public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his

UNITED STATES OF AMERICA V. ERICA REYES BORJA
Criminal Case No. CR05-00049
EX PARTE APPLICATION TO WITHDRAW with MEMORANDUM OF LAW and CERTIFICATE OF SERVICE

3

Case 1:05-cr-00049   Document 18   Filed 07/28/2005   Page 3 of 4

leaving, since to accept employment would give the appearance of impropriety even if none exists. As Public Defender represents a crucial witness.

Title 18 U.S.C.§3006A(b) allows the court to appoint new counsel for Defendant ERICA REYES BORJA.

<u>CONCLUSION</u> The Court should appoint new counsel for Defendant BORJA as present counsel is unable to serve under the Rules of Profession Conduct and 18 U.S.C. §3006A(b).

Dated: July 28, 2005

PUBLIC DEFENDER SERVICE CORPORATION

_____
RICHARD S. DIRKX
ASSISTANT PUBLIC DEFENDER

I, Richard S. Dirkx certify that I caused a copy of the foregoing document herein filed to be served on counsel for Plaintiff UNITED STATES OF AMERICA on July 28, 2005, via hand delivery at the following address:

U.S. Attorney's Office
District of Guam
Criminal Division
6th Floor Sirena Plaza
108 Hernan Cortes Avenue
Hagatna, Guam 96910

Dated: Thursday, July 28, 2005

PUBLIC DEFENDER SERVICE CORPORATION

RICHARD S. DIRKX
Attorney for Defendant

UNITED STATES OF AMERICA V. ERICA REYES BORJA
Criminal Case No. CR05-00049
EX PARTE APPLICATION TO WITHDRAW with MEMORANDUM OF LAW and CERTIFICATE OF SERVICE

4